## CIRCUIT COURT OF WASHINGTON COUNTY

Blankenship et al.

v.

Board of Supervisors
of Washington County

April 10, 1990

Case No. 89-241

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file in this matter, including pleadings and memoranda of counsel and have considered them in light of the arguments of counsel made herein on February 9, 1990. This matter was initiated by the plaintiffs on a "Motion for Declaratory Judgment" alleging that they were aggrieved by certain action taken by the defendant on October 11, 1988, which rezoned their property. The defendant has filed a "Motion to Dismiss" challenging the court's jurisdiction and citing a failure of the plaintiffs to timely file their motion.

In the spring of 1988, the Washington County Planning Commission embarked upon a comprehensive review of the zoning districts throughout the County. The defendant, apparently in the exercise of an abundance of precaution, conducted three public hearings to consider the proposed rezoning and duly advertised such hearings once a week for two successive weeks prior thereto. It is noted that Section 15.1-431 of the Code would appear to require only one such advertisement and hearing. After proper advertisement and hearings, the Planning Commission recommended the rezoning of some 500 parcels of land here in the County. The defendant, after public advertisement, conducted

a public hearing and approved the comprehensive rezoning plan. As a part of this rezoning, the plaintiffs' land was rezoned from A-1 to R-1, Agricultural to Residential. No appeal of this action was then taken by any of the plaintiffs herein.

Subsequently, in the spring of 1989, some of the plaintiffs herein approached the defendant and the Planning Commission alleging a lack of notice of the rezoning and asserting that their property had apparently been mistakenly rezoned. They requested that the A-1 classification be reinstated. Consequently, the defendant itself apparently initiated a rezoning and submitted it to the Planning Commission. After due advertisement and public hearings, the Planning Commission declined to recommend the rezoning, and on May 9, 1989, the defendant denied the requested reclassification. This action was then initiated by the plaintiffs on September 6, 1989.

Section 15.1-493 of the Code provides in part as follows:

> B. No zoning ordinance shall be amended or reenacted unless the governing body has referred the proposed amendment or reenactment to the local commission for its recommendations . . . .
>
> C. Before approving and adopting any zoning ordinance or amendment thereof, the governing body shall hold at least one (1) public hearing thereon, pursuant to public notice as required by § 15.1-431 . . . .
>
> G. Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within 30 days of such decision with the Circuit Court having jurisdiction of the land affected by the decision . . . .

It is conceded by the plaintiffs that no action contesting the action taken by the defendant on October 11, 1988, in approving the comprehensive rezoning plan was filed in this court within thirty days of said decision. It is also conceded by the plaintiffs that no action con-

testing the decision of the defendant of May 9, 1989, in denying their request for rezoning was filed in this court within thirty days of said decision. The plaintiffs contend, however, that the notice given by the defendant was inadequate and rendered their action taken thereon invalid and violated their substantive due process. Counsel states in part:

> It is plaintiffs' contention, however, that this 30 day requirement is not applicable under the circumstances of this case. The defendants [sic] are doing more than contesting the decision of the governing body to amend the zoning ordinance. The plaintiffs are contending that this court should declare the amendment to the zoning ordinance, by action of the board on October 11, 1988, invalid for the reasons previously stated. This is not simply a matter of a landowner requesting a zoning change as to a particular piece of property, which is denied by the governing body, and the landowner wishes to contest that decision. This proceeding questions the validity of the board's action in total . . . .

The plaintiffs contend that they were not given proper notice of the defendant's comprehensive rezoning plans, and thus, were not afforded the opportunity to express their views. They contend that the pubic notices as advertised by the Planning Commission and the defendant were inadequate and did not comport with the requirements of Section 15.1-431. Specifically, they contend that the advertisements did not "contain a reference to the place or places within the County . . . where copies of the proposed plans, ordinances, or amendments may be examined." (Section 15.1-431). Indeed, that code section does contain such a requirement. However, the copies of the advertisements, which were made exhibits at the hearing, clearly indicate the numbers to call in order to obtain additional information. Nor was the County required to mail personal notification to the individuals affected by the comprehensive rezoning plan. Such notice by certified mail in the case of twenty-five or less parcels of land and first class mail in the case of more than twenty-five, but

less than 500 parcels of land, is required by that code section. In this case, however, it is conceded that in excess of 500 parcels of land were affected. Thus, only the advertisement by order of publication was required.

The plaintiffs contend that § 15.1-493 has no application to the facts and circumstances of this case. On the contrary, I believe it is exactly the kind of situation for which the statute was designed. As noted by counsel for the defendant, "It is clear that the General Assembly intends that there be a definite limitation on the period during which rezoning decisions may be challenged in court." This is fortified by the fact that the General Assembly, in 1988, reduced the time for contesting such decisions from sixty days to the current thirty days. The reasons therefor are obvious. If these matters are not brought swiftly to a head, the uncertainty created thereby will cause confusion, disrupt property sales, and cause financial hardship for property owners and homebuilders.

The plaintiffs, not having filed their action within the required thirty-day time limit after the October 11, 1988, action by the defendant are now precluded from further litigating this matter in this court.

*A fortiori*, the plaintiffs not having initiated an action in this court within the required thirty-day time limit after the May 9, 1989, decision by the defendant made in response to their own rezoning requests are now precluded from further litigating that issue as well.